Pappas v 38-40 LLC (2019 NY Slip Op 03447)





Pappas v 38-40 LLC


2019 NY Slip Op 03447


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9204 650251/17

[*1]Debbie Pappas, as personal representative of the Estate of Louis Pappas, individually and derivatively on behalf of The 38-40 LLC, Plaintiff-Appellant,
v
The 38-40 LLC, et al., Defendants-Respondents, Nick Glendis, et al., Defendants.


Camarinos Law Group, LLC, New York (John M. Mavroudis and Michael D. Camarinos of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for the 38-40 LLC, respondent.
Pryor Cashman LLP, New York (David C. Rose of counsel), for Philip Kirsh, respondent.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 4, 2018, dismissing the complaint, and bringing up for review an order, same court and Justice, entered February 23, 2018, which granted defendants' cross motion to dismiss the derivative claims with prejudice and dismiss the individual claims without prejudice, and denied plaintiff's motion for a preliminary injunction and appointment of a temporary receiver, unanimously affirmed, without costs.
Under the terms of the LLC's operating agreement, plaintiff is a successor in interest to her decedent's membership interest in the LLC. As such, she is not a member of the LLC (see MFB Realty LLC v Eichner, 2016 NY Slip Op 31242[U] [Sup Ct, NY County 2016), affd 161 AD3d 661 [1st Dept 2018]). Defendants' grant of access to books and records and issuance of a K-1 did not constitute admissions by defendants that plaintiff was a member.
Plaintiff, who held an interest only in decedent's estate, was not the "legal or equitable owner" of a membership interest (Estate of Calderwood v Ace Group International LLC, 157 AD3d 190, 194 [1st Dept 2017] [under the terms of the operating agreement, upon the death of a LLC member, the estate as successor-in-interest only retains the rights to distributions]).
Because plaintiff's individual claims were substantially identical to her derivative claims, [*2]the IAS court did not err in dismissing them without prejudice as impermissibly mingled (see Barbour v Knecht, 296 AD2d 218, 227-228 [1st Dept 2002]).
Since plaintiff's complaint was dismissed, her motion was properly denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK